IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN WEEMS | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 10-4432 |
| KEHE FOOD DISTRIBUTORS, INC., d/b/a | : | |
| KEHE DISTRIBUTORS, LLC. | : | |

**SURRICK, J.**                                                                                      APRIL  , 2011

## MEMORANDUM

Presently before the Court is Defendant's Partial Motion to Dismiss. (ECF No. 5.) For the following reasons, the Motion will be denied.

**I.    BACKGROUND**

Plaintiff Steven Weems, a black male, worked as a truck driver for Defendant Kehe Food Distributors at its facility in Bethlehem, Pennsylvania. Following his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge was dual-filed with the Illinois Department of Human Rights.[1] On June 1, 2010, the

---

[1] Specifically, the charge stated:

> I began my employment with Respondent on July 26, 2008. My most recent position was Driver. During my employment, I was disciplined for infractions that my similarly situated non-Black co-workers were not disciplined for. I complained to Respondent about my discipline. On March 19, 2009, I was discharged.
>
> I believe I have been discriminated against because of my race, Black, and that I have been retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Def.'s Mot. Dismiss Ex. A.)

1

EEOC issued Plaintiff a right-to-sue letter. (Def.'s Mot. Dismiss Ex. B.) On September 1, 2010, Plaintiff filed a Complaint, which includes claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Count I), the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Count II), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§ 951 *et seq.* (Count III). (Compl., ECF No. 1.) Defendant moves to dismiss several of the claims in Plaintiff's Complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

Defendant makes three arguments in favor of dismissal. First, Defendant argues that Plaintiff failed to exhaust administrative remedies for his harassment and hostile work

environment claims. Next, Defendant argues that Plaintiff failed to exhaust administrative remedies under the PHRA. Finally, Defendant argues that Plaintiff's Title VII claims are untimely.

### A. Administrative Remedies for Harassment and Hostile Work Environment

Plaintiff's Complaint does not specifically contain claims for harassment or hostile work environment. It does, however, mention "harassment" and "hostile work environment" in several paragraphs. (Compl. ¶¶ 2, 34, 52, 53.) Defendant argues that the Complaint must be dismissed for failure to exhaust administrative remedies to the extent Plaintiff pursues a harassment or hostile work environment claim. Specifically, Defendant argues that Plaintiff's EEOC charge is devoid of any reference to these theories of relief.

As a precondition to bringing suit under Title VII and the PHRA, a plaintiff must exhaust a claim by presenting it in an administrative charge to the EEOC and the Pennsylvania Human Relations Commission ("PHRC"). *See Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996); *Nerosa v. Storecast Merchandising Corp.*, No. 02-440, 2002 WL 1998181, at *3 (E.D. Pa. Aug. 28, 2002). The test in the Third Circuit for exhaustion of administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *See Antol*, 82 F.3d at 1295 (citations omitted); *Ocasio v. City of Bethlehem*, No. 08-3737, 2009 WL 37518, at *3 (E.D. Pa. Jan. 7, 2009). The scope of the original charge should be liberally construed because charges are "most often drafted by one who is not well versed in the art of legal description." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978).

Numerous courts in this district have dismissed claims that were not within the

reasonable scope of the EEOC charge. *See Ocasio*, 2009 WL 37518, at *3 (dismissing harassment, hostile work environment, and retaliation claims where the charge focused on the failure to promote); *Nerosa*, 2002 WL 1998181, at *4 (dismissing hostile work environment claim where the charge alleged discrimination); *Wright v. Phila. Gas Works*, No. 01-2655, 2001 WL 1169108, at *3 (E.D. Pa. Oct. 2, 2001) (dismissing hostile work environment and retaliation claims where charge only alleged racially motivated discharge).

Assuming that Plaintiff is pursuing the claims of harassment and hostile work environment, we find that these claims fall fairly within the scope of the prior EEOC complaint. Unlike cases where a charge highlights an employee's racially motivated termination, *see Wright*, 2001 WL 1169108, at *3, or an isolated incident of hostility, *see Nerosa*, 2002 WL 1998181, at *4, Plaintiff alleges that he was subject to discrimination throughout his employment with Defendant. Plaintiff's charge, although sparse, states: "During my employment, I was disciplined for infractions that my similarly situated non-Black co-workers were not disciplined for." (Def.'s Mot. Dismiss Ex. A.) To establish a hostile work environment claim against an employer, a plaintiff must prove the following elements: 1) the employee suffered intentional discrimination because of his or her protected status; 2) the discrimination was pervasive and regular; 3) the discrimination detrimentally affected the plaintiff; 4) the discrimination would detrimentally affect a reasonable person of the same status in that position; and 5) the existence of *respondeat superior* liability. *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted); *Weston v. Pennsylvania*, 251 F.3d 420, 425 n.3 (3d Cir. 2001) (finding identical analysis under Title VII and PHRA). Since Plaintiff's charge alleges that Defendant discriminated against him throughout the period of his employment, Plaintiff's

4

harassment and hostile work environment claims "can reasonably be expected to grow out of the charge of discrimination." *See Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976). Accordingly, we reject Defendant's argument that Plaintiff failed to exhaust his administrative remedies on these claims.

## B. Administrative Remedies Under PHRA

Defendant argues that Plaintiff did not exhaust his administrative remedies under the PHRA because he never filed a complaint with the PHRC.

To file suit under the PHRA, a plaintiff must first bring an administrative complaint with the PHRC. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001). A plaintiff who fails to file an administrative complaint is precluded from judicial remedies. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997). "The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that 'persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act.'" *Id.* (quoting *Vincent v. Fuller Co.*, 616 A.2d 969, 974 (Pa. 1992)). The Pennsylvania Supreme Court has noted that a "liberal construction for the accomplishment of the purposes of the act is not synonymous with a relaxation of the rule of exclusivity for the benefit of the complainant." *Fye v. Cent. Transp. Inc.*, 409 A.2d 2, 5 (Pa. 1979).

Plaintiff asserts that he went to the Philadelphia office of the EEOC and was mistakenly told that he had to file his charge with the Illinois EEOC because Defendant's headquarters is in Illinois. (Pl.'s Resp. 8, ECF No. 13.) The Illinois EEOC dual-filed the charge of discrimination with the Illinois Department of Human Rights. (Def.'s Mot. Dismiss Ex. A.) Plaintiff argues

5

that we should excuse his exhaustion error because he filed the charge without the assistance of counsel and was following the directives of a governmental agency.

Plaintiff cites the Third Circuit case of *Hicks v. ABT Associates, Inc.*, for the proposition that when the EEOC is instrumental in causing an exhaustion error, courts should allow the plaintiff to proceed with the litigation as if the error had not occurred. 572 F.2d 960. In *Hicks*, the plaintiff attempted to amend his charge with the EEOC to include sex discrimination. *Id.* at 964. The EEOC violated its statutory and regulatory obligations by refusing to accept the amendment. The court found that the plaintiff "should not be penalized by the improper conduct of the Commission." *Id.* at 964-65. These circumstances created an excuse for the plaintiff's failure to file a sex discrimination charge.

In *Woodson v. Scott Paper Co.*, the Third Circuit specifically addressed the "equitable filing" doctrine. 109 F.3d at 927-29. The plaintiff in *Woodson* never filed, or cross-filed, a complaint with the PHRC. *Id.* at 925. The plaintiff nonetheless argued that he should be able to proceed with his PHRA claim because of representations made by the EEOC to him that it would file his claim with the PHRC. The EEOC wrote a letter to the plaintiff that stated it would provide a copy of the charge with the PHRC. *Id.* at 928. The PHRC never actually received the complaint.

The plaintiff in *Woodson* relied on several cases, including *Hicks*, which concerned the federal anti-discrimination laws. *Id.* at 928 n.16. He did not cite to any authority indicating that the PHRA filing requirement would be applied flexibly by the Pennsylvania Supreme Court. The Third Circuit concluded that it was not "convinced that the Pennsylvania Supreme Court would refuse to apply equitable principles to excuse from the PHRA filing requirement a plaintiff who

has been informed by the EEOC that the EEOC will forward a copy of the charge to the PHRC and who relies on that representation in not filing directly with the PHRC." *Id.* at 928. However, the court determined that it did not need to resolve the equitable filing issue because even if Pennsylvania law would permit the application of equitable principles, there was no evidence that the plaintiff would be excused for his failure to file. *Id.* at 929. He had already retained counsel before filing his charge. He had filed two prior discrimination complaints with the PHRC and knew of the cross-filing mechanism. He also never saw the letter and thus never relied on the EEOC's misrepresentation. *Id.*

Considering the present posture of this matter, we are satisfied that it would be premature to dismiss Plaintiff's PHRA claim at this juncture. Defendant has not responded to Plaintiff's equitable filing argument. We are reluctant to dispose of this claim before this issue has been sufficiently briefed by both parties. Plaintiff invokes a doctrine that has not been adopted by the Third Circuit or the Pennsylvania Supreme Court. The Third Circuit has indicated that it may be willing to apply equitable principles where a party detrimentally relies on a misrepresentation of a governmental employee and fails to file or properly amend an administrative complaint. *See Hicks*, 572 F.2d at 964-65; *Woodson*, 109 F.3d at 928. Even if we assume that the Pennsylvania Supreme Court would adopt the equitable filing doctrine, we cannot determine whether Plaintiff's failure to file would be excused prior to discovery on this issue. Plaintiff maintains that he went to the Philadelphia EEOC office and was told that he had to file his complaint in Illinois. The extent to which Plaintiff's receipt of, or reliance on, such misinformation provides an excuse for his exhaustion error remains to be seen. Accordingly, Defendant's Motion as to Plaintiff's PHRA claim will be denied.

C.  **Statute of Limitations**

Defendant argues that Plaintiff's Title VII claims must be dismissed as untimely. Title VII provides that the EEOC shall notify the person aggrieved of his or her right to sue, and that "within ninety days after the giving of such notice a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1).

The EEOC issued a right-to-sue letter on June 1, 2010. (Def.'s Mot. Dismiss Ex. B.) Plaintiff received the letter on June 5, 2010. (Pl.'s Resp. 9.) Plaintiff commenced this litigation on September 1, 2010. Defendant is incorrect in arguing that the limitations period began when the EEOC issued the letter. Actual receipt of the notice is required to start running the statute of limitations. *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985); *Grant v. Simpson Metal Indus.*, No. 93-1154, 1995 WL 129184, at *1 (E.D.N.Y. Mar. 13, 1995). Because Plaintiff brought this action within 90 days of receiving notice of his right to sue, his Title VII claims are timely. We therefore reject Defendant's Motion as to Plaintiff's Title VII claims.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion will be denied.

An appropriate Order follows.

BY THE COURT:

_____
R. BARCLAY SURRICK, J.